**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ODILIO CLEMENTE RAMIREZ PAZ, | ) | |
| an individual, on behalf of himself and all other | ) | |
| plaintiffs similarly situated, known and unknown, | ) | Case No.: 1:22-cv-6935 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TANGO SUR, INC., an Illinois corporation, and | ) | |
| SERGIO DI SAPIO, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Odilio Clemente Ramirez Paz, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Tango Sur, Inc. and Sergio Di Sapio (collectively the "Defendants"), as follows:

## NATURE OF THE SUIT

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former food preparers, dishwashers, cleaners and kitchen staff employees of Defendants' Tango Sur restaurant.

2.     Plaintiff brings his FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5.     Plaintiff Odilio Clemente Ramirez Paz ("Ramirez") is a former employee of the Defendants' Tango Sur restaurant located at 3763 North Southport Avenue in Chicago, Illinois. Plaintiff worked as a food and salad preparer, dishwasher and cleaner at Defendants' restaurant from May, 2019 through November 3, 2022.

6.     During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, tools and utensils which moved in interstate commerce prior to being used or purchased in Illinois.

7.     Plaintiff resides in and is domiciled in this judicial district.

8.     Defendant Tango Sur, Inc. is an Illinois corporation that operates the Tango Sur restaurant located on North Southport in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9.     Defendant Tango Sur, Inc. is registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district.

10.     Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2019, 2020, 2021 and 2022.

11.     Defendant Sergio Di Sapio ("Di Sapio") is an owner and the manager of the Tango Sur restaurant and he is the owner and president of the restaurant's operating entity, Tango Sur, Inc.

12.     At all times relevant to this action, Defendant Di Sapio possessed extensive oversight over the Tango Sur restaurant and its business operations. Defendant Di Sapio was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13.     Defendant Di Sapio resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

14.     During the period from at least December, 2019 through November 3, 2022, Plaintiff Ramirez regularly worked six (6) days each workweek including Tuesday through Thursday from 3:00 p.m. to at least Midnight and frequently to 1:00 a.m.; and, Friday through Sunday from 4:00 p.m. to at least 2:00 a.m. or 2:30 a.m.

15.     Based on his schedule, Plaintiff regularly worked sixty (60) hours in individual workweeks from December, 2019 through November 3, 2022.

16.     At all times relevant, Defendants paid Plaintiff on a per diem basis of $120.00 per day with unreported cash.

17.     As a result of Defendants' per diem payment scheme, Plaintiff was paid below the statutory minimum wage rates throughout his term of his employment.

18.     Additionally, Defendants did not compensate Plaintiff, and other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

19.     Defendants never paid Plaintiff an overtime premium when he worked more than forty (40) hours in a work week.

20.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-120 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

21.     Plaintiff brings his FLSA claims as a collective action on behalf of himself and all other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

22.     During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees have had substantially similar job descriptions, job requirements and pay rates.

23.     Plaintiff, and all other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees, were paid below the statutory minimum wage rates.

24.     Additionally, Plaintiff and other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees worked more than forty (40) hours

in individual workweeks and received no overtime premium for hours worked in excess of forty (40) in a workweek.

25.     Plaintiff and the other similarly situated food preparers, dishwashers, cleaners and kitchen staff employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay statutory minimum wages, and willfully refusing to pay overtime compensation when non-exempt employees worked in excess of forty (40) hours in an individual workweek.

26.     During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) compensating the Plaintiff and other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees below the required minimum wage and (b) never paying overtime compensation to the named Plaintiff and other similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees for any hours worked in excess of forty (40) in a workweek.

27.     Defendants at all times failed to pay Plaintiff, and other similarly situated food preparers, dishwashers, cleaners and kitchen staff employees, any overtime compensation including at a rate of one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

28.     Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29.     Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30.     There are numerous similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31.     The similarly situated current and former food preparers, dishwashers, cleaners and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

### COUNT I
### Violation of the Fair Standards Labor Act – Overtime Wages

32.     Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

35.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36.     Defendant Tango Sur, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

37.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

38.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39.     Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime wages even though Plaintiff and other food preparers, dishwashers, cleaners and kitchen staff employees were scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying Plaintiff's wages with cash "under the table". Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Additionally, in an attempt to conceal their overtime violations, Defendants failed to provide Plaintiff and other food preparers, dishwashers, cleaners and kitchen staff employees with pay stubs, receipts or any written statement of hours worked and wages paid each workweek. Furthermore, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Odilio Clemente Ramirez Paz, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tango Sur, Inc. and Sergio Di Sapio, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

40.　　Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

41.　　Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

42.　　Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

43.　　During the course of Plaintiff's employment with Defendants, Defendants employed other food preparers, dishwashers, cleaners and kitchen staff employees who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

44.　　During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

45.　　Defendant Tango Sur, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

46.　　Pursuant to 29 U.S.C. § 206, Plaintiff, as well as other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees were entitled to be compensated according to the applicable minimum wage rate.

47.　　Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt food preparers, dishwashers, cleaners and kitchen staff employees minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash "under the table" and providing no wage statement records. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record

the number of hours worked by Plaintiff and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Odilio Clemente Ramirez Paz, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Tango Sur, Inc. and Sergio Di Sapio, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Overtime Wages

48. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

49. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

50. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

51. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

52. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

53.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Odilio Clemente Ramirez Paz, prays for a judgment against Defendants, Tango Sur, Inc. and Sergio Di Sapio, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory damages in the amount of three times the amount of unpaid overtime;

C.      Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.      Such other and further relief as this Court deems appropriate and just.

<u>**COUNT IV**</u>
<u>**Violation of the Illinois Minimum Wage Law – Minimum Wages**</u>

54.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

55.     Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

56.     Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

57.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

58.     Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Odilio Clement Ramirez Paz, prays for a judgment against Defendants, Tango Sur, Inc. and Sergio Di Sapio, as follows:

    A.      Judgment in the amount of unpaid minimum wages found due;

    B.      Statutory damages in the amount of three times the amount of unpaid minimum wages;

    C.      Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

    D.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    E.      Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Overtime Wages

59.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

60.     Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

61.     Defendants were each an "employer" as defined in the CMWO § 6-105-010.

62.     Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

63.     Defendants' failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Odilio Clemente Ramirez Paz, prays for a judgment against Defendants, Tango Sur, Inc. and Sergio Di Sapio, as follows:

11

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory damages in the amount of three times the amount of unpaid overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

### COUNT VI
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Minimum Wages

64.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

65.     Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 6-105-020.

66.     Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

67.     Under § 6-105-020, Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

68.     Defendants' failure and refusal to pay wages at the minimum wage rate was a violation of the minimum wage provisions of the CMWO § 6-105-020.

**WHEREFORE**, the Plaintiff, Odilio Clemente Ramirez Paz, prays for a judgment against Defendants, Tango Sur, Inc. and Sergio Di Sapio, as follows:

A.     Judgment in the amount of unpaid minimum wages found due;

B.     Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: December 9, 2022

Respectfully submitted,

Odilio Clemente Ramirez Paz,
on behalf of himself and all other plaintiffs
similarly situated, known and known,
Plaintiff,


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com